**COLIN M. RUBICH**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 Second Ave. N., Ste. 3200**
**Billings, MT 59101**
**Phone: (406) 247-4684**
**Fax: (406) 657-6989**
**E-mail: Colin.Rubich@usdoj.gov**

**FILED**

SEP 28 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-146-BLG-SPW** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | |
| **STEPHEN MICHAEL MILLER,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Colin M. Rubich, Assistant United States

Attorney for the District of Montana, and the defendant, Stephen Michael Miller,

and the defendant's attorney, Matt Wald, have agreed upon the following:

**1.** **Scope:** This plea agreement is between the United States Attorney's

Office for the District of Montana and the defendant. It does not bind any other

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

**2. Charges:** The defendant agrees to plead guilty to count I of the superseding information. Count I charges the crime of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846. Count I carries a maximum of 20 years imprisonment, a $1,000,000 fine, three years supervised release, and a $100 special assessment.

At the time of sentencing, the United States will move to dismiss the Indictment as to this defendant.

**3. Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss the indictment as to this defendant and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and the indictment is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

**4.     Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charges contained in count I of the superseding information.  In pleading guilty to count I, the defendant acknowledges that:

**First**, there was an agreement between two or more persons to possess with the intent to distribute methamphetamine; and

**Second**, the defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose;

**5.     Waiver of Rights by Plea:**

(a)     The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)     The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(d)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would

have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6. Recommendations:** The United States will recommend that the defendant be given three points for acceptance of responsibility if appropriate under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG §3C1.1, or acted in anyway inconsistent with acceptance of

responsibility. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by any of the parties' recommendations.

**7.** **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.** **Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. Based on the concessions made by the United States in this case, the defendant knowingly waives any right to appeal the sentence and any right to bring any other post-conviction attack on the sentence. The defendant specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking the sentence. This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

**9.** **Loss of Federal Benefits:** The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any

federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

**10.     Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**11.     Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

**12.     Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**13.     Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this

plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

COLIN M. RUBICH
Assistant U. S. Attorney
Date: 9/28/18

STEPHEN MICHAEL MILLER
Defendant
Date: 9/28/18

MATT WALD
Defense Counsel
Date: 9/28/18