Matthew J. Wald
Wald Law Office, PLLC
P.O. Box 553
Hardin, Montana  59034
406-665-4140
406-665-4045 Fax
Email:  mattwald@ymail.com
Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>**STEPHEN MICHAEL MILLER,**<br><br>Defendant. | Cause No. CR 17-146-BLG-SPW-2<br><br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |
|---|---|

COMES NOW, the Defendant, by and through his attorney of record, Matthew J. Wald, and hereby files with the Court the following Sentencing Memorandum to aid the Court in determining the appropriate sentence in this matter.  Mr. Miller has also filed a letter of support for the benefit of the Court.

## I. Applicable Law.

The United States Supreme Court has determined that although the Sentencing Guidelines are advisory only, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See *Rita v. United States,* 127 S. Ct. 2456, 2465 (2007). A guideline sentence is reflective of the Sentencing Commission's determination that in the "mine run of cases" the recommended guideline range embodies a "rough approximation of a sentence that might achieve § 3553(a)'s objectives." *Rita,* 127 S.Ct. at 2458. However, this Court has the authority and discretion to fashion a sentence below the guideline range if such a sentence would achieve the objectives of 18 U.S.C. §3553(a).

### A. Guideline Range

The Defendant is to be sentenced for the crime of Conspiracy to Distribute Methamphetamine. That offense as charged carries a potential sentence of up to 20 years imprisonment, not less than 3 years of supervised release and a $1,000,000.00 fine.

Mr. Miller accepts the guideline calculations set forth in the

final Pre-Sentence Report, dated 12-17-2018, that was compiled

for this case.  The Advisory Sentencing Guidelines in this case call

for a total offense level of 23 and a criminal history category of II.

The advisory sentencing guideline in this case is for a period of

imprisonment from fifty-one (51) to sixty-three (63) months.

**B. 18 U.S.C. § 3553(a) Considerations.**

18 U.S.C § 3553(a) provides that:

The Court shall impose a sentence sufficient, but not greater than
necessary, to comply with the purposes set forth in paragraph (2)
of this subsection.  The court, in determining the particular
sentence to be imposed, shall consider
(1) the nature and circumstances of the offense and the history
and characteristics of the defendant:
(2) the need for the sentence imposed
    (A) to reflect the seriousness of the offense, to promote respect
    for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant;
and
    (D) to provide the defendant with the needed educational or
    vocational training, medical care, or other correctional
    treatment in the most effective manner.

In this case, a lower than guideline range sentence will

adequately fulfill the purposes of 18 U.S.C § 3553(a).

## II. Nature and Circumstances of the Offense and Defendant

## A. Acceptance of Responsibility and Nature of Offense.

Mr. Miller did not distribute drugs; all of the evidence of this case is that he only used them. The action that crossed him over the line from user to co-conspirator was Mr. Miller warning his dealer that the post office was watching for packages containing drugs being shipped through the mail. It was a step further when he delivered a package in exchange for drugs for his use. He now understands the gravity of his actions, even while at the time he was thinking of nothing but his source of drugs.

Mr. Miller has accepted responsibility for his actions and has pleaded guilty to the crime of Conspiracy to Distribute Methamphetamine. Without taking away from his acceptance of responsibility, Mr. Miller's own addiction was what led to and drove his involvement in this offense. The Court may take that into consideration in determining an appropriate sentence. U.S. v. Smith, 497 F.3d 964 (9th Cir. 2007). Mr. Miller engaged in his criminal activity because he was afraid to lose the source of the drugs upon which he had become dependent. Yet, while his

addiction to methamphetamine is a reason for his involvement in the offense, Mr. Miller makes no excuses but has accepted responsibility for his own actions.

**B. Self Improvement.**

Mr. Miller stopped his involvement with methamphetamines well before federal charges were filed against him. The time frame of the conspiracy was January 2014 to August 2015 (although Mr. Miller's participation was much more limited). These charges were not brought until December 27, 2017. In the meantime Mr. Miller has made a new life for himself and his wife, obtained employment, and put down roots in Nevada to be a hardworking contributing member of society. In addition he has obtained a chemical dependency evaluation and will engage in a course of treatment to better confront and treat his chemical dependency issues.

**III. Sentencing Recommendation.**

Given the nature and short duration of this offense, the nature of Mr. Miller's involvement and addiction, and his proven ability to remain law abiding and a positive contributor to his wife

and society, the felony conviction alone would satisfy the requirements of 18 U.S.C. 3551(a)(2).  Mr. Miller is now a convicted federal felon with all the impediments that go along with such a designation. Further punishment is not necessary to deter Mr. Miller from criminal activity.

This Court's sentence to punish Mr. Miller for his offense must be sufficient, but not greater than necessary. Mr. Miller respectfully submits to this Court that no further incarceration is necessary to prevent him from committing further criminal offenses. Mr. Miller respectfully requests that the Court consider a sentence that is outside of the guidelines such as a sentence of time served followed by 3 years of supervised release, or a term of probation as well as a fine in an amount this Court deems appropriate.  Such a sentence would comport and comply with the sentencing purposes as contained within §3553.


RESPECTFULLY SUBMITTED this 19th day of December, 2018.

\s\ Matthew J. Wald
Matthew J. Wald
Attorney for the Defendant

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on December 19, 2018, a copy of the foregoing document was served on the following persons by the following means:

1, 2   CM-ECF

        Hand Delivery

3      Mail

        Overnight Delivery Service

        Fax

        E-Mail

1.   CLERK, UNITED STATES DISTRICT COURT

2.   Colin M. Rubich
     Assistant U.S. Attorney
     U.S. Attorney's Office U.S. Courthouse

2601 Second Avenue North, Suite 3200
Billings, MT 59101

3.    Steven Michael Miller
      800 Nichols Blvd, Apt. 171
      Sparks, NV, Montana  89434

                                             \s\ Matthew J. Wald
                                             Matthew J. Wald
                                             Attorney for the Defendant